I respectfully dissent from the majority regarding the analysis and disposition of the first assignment of error. I do not agree that the doctrine of collateral estoppel applies to the case sub judice because there was not a final judgment on the merits of the Nix v. O'Malley, infra, case after a full and fair opportunity to litigate the issue. The United States Court of Appeals [hereinafter Court of Appeals] for the Sixth Circuit in Nix v. O'Malley (1998), 160 F.3d 343 reviewed de novo the United States District Court's grant of summary judgment for O'Malley and Weston, Hurd on three claims filed by Nix. The Court of Appeals reversed the District Court's grant of summary judgment for O'Malley and Weston, Hurd regarding Nix's first claim. Nix's first claim alleged that O'Malley and Weston, Hurd violated Ohio's state wiretap law. Nix's claim did not seek relief for an act of wiretapping. "Instead, Nix alleged that [O'Malley and Weston, Hurd] violated the law by using and disclosing the contents of the [wiretapped] communications." Nix, p. 347. In order to prevail on that claim Nix had to establish that the interception of the communication violated the law and that the defendant must have known or had reason to know this when he disclosed the content of the communication. Nix, p. 348. In reversing the District Court's granting of summary judgment, the Court of Appeals found that Nix had "made a sufficient showing to create an issue of fact that, at least when O'Malley and Weston, Hurd disclosed certain contents of the communications in their motions in [the other lawsuits], they had reason to know that the interceptors violated Ohio law by recording Nix's cordless telephone calls." Nix, p. 349. While it is correct that the Court of Appeals also found that Nix had not presented a genuine question of material fact as to whether O'Malley illegally intercepted the original communications because Nix had produced no competent evidence regarding this point, I still cannot agree with the majority's decision. The reason I cannot agree is because the ultimate claim of Nix's was sent back to the District Court for further proceedings. If in fact Nix later provides evidence that O'Malley illegally intercepted the communications, that information would be relevant to whether O'Malley knew that the communications had been illegally obtained when he disclosed the contents. I do not think we can know for sure at this point in time whether or not the Federal District Court would determine that issue litigated and disallow the introduction of that evidence. Therefore, I would sustain appellants' first assignment of error. I concur with the majority on the analysis and disposition of the other assignments of error.